```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

| | |
|---|---|
| United States of America, | : |
|     Plaintiff, | : |
|   v. | :   Case No. 2:07-mj-0145 |
| Oscar A. Olea-Coronado, | :   MAGISTRATE JUDGE KEMP |
|     Defendant. | : |

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and detention hearing on May 2, 2007.  At the conclusion of the hearing, the defendant was detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was charged in a criminal complaint filed in this Court on April 20, 2007, with conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana. According to the testimony of Agent Paris Wilson of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the defendant was found inside a residence on April 19, 2007, during the execution of a federal search warrant.  Also found in the residence was approximately $700,000.00 in United States currency.  That currency had been taken into the residence by Marlin Black, who is also a suspect in the alleged conspiracy.  According to Mr. Black and a third individual, Frankie Valenzuela, who is alleged to have been a money courier for the conspiracy, Mr. Olea-Coronado was involved both in counting the money on that date and in similar activities over the past several months.  The money was intended to be a payment for a prior shipment of marijuana. Based upon that testimony, the Court concluded that probable

cause existed to believe that the defendant had committed the crime with which he has been charged.  That probable cause finding gives rise to a presumption of detention which is more fully explained as follows.

 <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

 The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further,

because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Additional information concerning the defendant is contained

in the pretrial services report.  The defendant is a citizen of Mexico.  He entered the United States legally pursuant to a travel visa.  According to the Bureau of Immigration and Customs Enforcement, however, the visa permitted him to travel only within 25 miles of the United States/Mexican border.  The defendant disputed this statement but had no specific information to support his position.  He reported to Pretrial Services that he had been living in Columbus for three months with his wife and three children.  He has not been employed while in the United States and has no other ties to the Central Ohio community.  He has no criminal record in the United States.  He would be deportable if convicted of this offense.

As noted, there is a presumption in this case that the defendant is both a danger to the community and a risk of flight.  He presented no specific evidence to rebut that presumption.  He has no ties to this community, has no employment history in the United States, and is charged with a serious drug offense.  He is not a citizen of the United States and it may well be that he was in Ohio illegally.  Under all of these circumstances, the Court concluded that the defendant should be detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this detention order from a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge